#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF ROCKINGHAM, JANUARY TERM,

### A. D. 1832.

## THE STATE *versus* N. BATCHELDER and others.

It is an indictable offence to break, with clubs, the windows of a dwelling house in the night, and thus disturb the peace and quiet of a family living in the house.

THE indictment in this case alleged, that the respondents, on the 4th June, 1829, in the night time, with force and arms, two window sashes and fifteen squares of glass, of and belonging to the dwelling house of A. B. with a large stick of wood and with stones, injuriously, wilfully and maliciously did break and destroy, and did violently, injuriously, wilfully and maliciously cast and throw stones at, into, and against, said dwelling house, and greatly damage the same, to the great disturbance and terror of the said A. B. and other persons then and there in the said dwelling house.

The respondents having been convicted, a motion was made in arrest of judgment.

*Woodbury*, in support of the motion.

The State
v.
Batchelder,
et al.

This indictment is not for an assault upon the person of an individual, nor for the destruction of property in a riotous manner. But it is simply for damage done to a dwelling house, by breaking the windows. The other averments in the indictment are set out, not as distinct offences, but only as aggravation. No indictment can be found like this, except one in the Crown Circuit Companion, and that is not supported by any adjudged case, but is questioned by Chitty, and in principle has been clearly overruled. 2 Chitty's Crim. Law, 504.

It has always been considered here, and in England, that an injury to real property must amount to arson, or a forcible entry, or be accompanied by a riot, in order to sustain an indictment. Com. Dig. " Indictment," E.

Indeed, where an actual entry has been made into a dwelling house, an indictment does not lie, without an averment and proof beyond the common allegation of force and arms, or against the peace. It must be alleged to have been done with an armed force and power, and a strong hand. 2 N. H. Rep. 552, *The State* v. *Pearson ;* 10 Mass. Rep. 409 ; 8 Johns. 44; 13 ditto, 340, Co. Litt. 257, a.

Courts incline against construing these injuries into criminal offences, as it enables the party injured to be a witness, and often, improperly to indulge private malice. 3 Burr. 1700, *Rex* v. *Storr.*

We do not contend, that indictments cannot be supported for breaches of the peace ; but to sustain them there must be an attack upon the person, and not upon the property ; the injury and wrong must be intended to be done to the person ; and the indictment must be founded upon the breach of the peace, or an attack upon the person, and not upon the injury to the property.

*Sullivan,* attorney general.

It is conceded, that an indictment cannot be sustained for a mere civil injury. But in this indictment, something more than a mere civil injury is alleged. The lan-

guage of the indictment not only implies, but in forcible terms expresses, a breach of the peace. Lord Mansfield, 3 Burrows, 1701, says, " every force and violence is a breach of the peace. Com. Dig. " Indictment," D.

No particular technical words are necessary to describe a breach of the peace. All that is required is, that it should appear by the indictment, that such force and violence have been used as to constitute a breach of the peace. This is the language of the judges in *Rex* v. *Wilson, et a.,* 8 D. & E. 362.

This indictment is supported by many authorities. Crown Circuit Comp. 745 and 105, note ; 3 Burr. 1731 ; 1 L. Raymond, 702 ; 3 Burr. 1702 ; 2 Chitty's Crim. Law, 505 ; 3 Salk. 187 ; Starkie's Crim. Law, 102 ; 4 Wentworth, 309 ; Crown Circuit Assist. 15 ; Strange, 704.

From these authorities the doctrine seems to be clear, that a trespass, even on lands or goods, when accompanied by a breach of the peace, is indictable. But however this may be, the cases are irresistible to prove that a trespass on a dwelling house, when attended by a breach of the peace, is punishable by indictment. Not that a dwelling house unoccupied, and regarded simply as property, is entitled to more protection than estate of any other description ; but because the law guards with greater vigilance the house which is actually inhabited, than any species of mere property. It is the home of men. It is styled their castle. They pass in it many of their most helpless hours, and in no place do they stand in greater need of protection. If punishment does not follow such offences, the consequences will be dangerous. Regard it in the light of a mere trespass, and the security of the most valuable members of society would be at the mercy of the worst. Indigent and vicious men would attack the dwellings of peaceful citizens, fearless of punishment. They would be too poor to pay the

The State
v.
Batchelder,
et al.

damages, which in a civil suit might be assessed against them.

This case is attended by circumstances of peculiar aggravation. The respondents did not attempt to enter this house in the day time, and under the protection of law; they asserted no real, no pretended title to it. They have been found guilty of a wanton and unwarrantable attack upon it, terrifying its inhabitants, and endangering their persons, at an hour when they were most defenceless. It was sporting with their alarms without any pretence of right, and without any advantage to themselves or the public.

We trust, therefore, that on the ground of authority as well as of justice, the basis on which all law should rest, that this indictment will be sustained.

*By the court.* We should have thought it strange, if upon an examination of the law, it had been found that individuals might go in the night and break, with clubs, the windows of a dwelling house, and disturb the peace and quiet of private families, without committing any breach of the peace, which could subject them to punishment. We should have supposed, that, if such outrages could be committed without subjecting the perpetrators to any other punishment than the damages which might be recovered in a civil action, there was a great defect in the law. But the law is not thus defective. It is clearly settled, that such an attack upon a dwelling house is an unlawful disturbance of the public peace, and as such, punishable by indictment. 5 Binn. 277, *Commonwealth* v. *Taylor*; 1 Dallas, 338; 1 Greenl. Rep. 22, *Harding's case*; 8 D. & E. 357, *The King* v. *Wilson, et al.*; Crown Circuit Comp. 695; 5 Cowen, 258, *The People* v. *Smith*.

The breaking of windows in the night, while a family is in the house, is not a mere trespass upon property; but being calculated in its nature to frighten and disturb the people within the house, it may be considered as an

indirect attack upon the persons of the family, and is clearly a breach of the peace.

*Motion overruled.*